After argument, the Chancellor delivered the following judgment :
This is an application to set aside an -order of tho commissioner, granting a ne exeat in á case which was brought before him, audio discharge the security taken under that order.
The circumstances made by the bill, are as follow : Th'' defendant, Richardson, gave liis note, of Is and for a certain sum of money to John Shackleford, dated ílie Sd *109 day of May, 1808, payable on the 1st day of November 1808. This note, J. Shackleford transferred to the coin-plainaut, W. Nixon, for valuable consideration. That on non payment of the note of band, fm. Nixon caused a suit to be instituted in Sumter district, for the recovery of the money j and believing Richardson to be a man of properly, the defendant did not think it necessary to hold him to bail. That after the- commencement of the suit at law, it was discovered that Richardson was about to depart the stale, and to carry off bis property with him. That the plaintiff, Nixon, could not then procure, bail at law, without discontinuing his suit regularly before a judge, and beginning a suit de novo, on which he could obtain an order for bail by a proper alii davit of the debt, and that such discontinuance could not then be regularly made, because of the absence of the judges, who were c.-mn engaged on the circuits.
1VW these circumstances, the commissioner, on bill hied and ; 'fula.’, if u;ad:-5 gni it 1 the no exeat.
!t vac m . . u in support o" ixe motion, to set aside the erdor, that lilis v:-'* n mero legal demand 5 that the party had the power at law to have held to bail, and that if he neglected to do so, he could not afterwards set up Ins own neglect, to give jurisdiction to the court of equity, and that the necessity of resorting to this court did not exist; for that by due diligence the party might have discontinued his suit, and recommenced it, and by an affidavit of the debt, have obtained an order for bail indue season.
On the part of the complainant it was insisted, that the party was entitled to the aid of this court, to obtain a security for his debt, on the caso made by the hill; and that there would be a delect of justice if this court did not interpose. And this was likened to the casi; where a pas ty indebted is about to remove with bis property, before the debt falls due, when no suit can be instituted at law, and this court interposes to enable the creditor to obtain a security.
1 have, considered this case, and would willingly Sipport the order made by the eonnah'sionojx if I fob *110 myself at liberty to do so. But I find it distinctly stated in all the cases, that the demand must bo of an equitable nature. Where the demand is at law, the court refuses to grant a no exeat, because the plaintiff has bail there, or might have had it. This is plainly a more legal demand, and the party might have had bail. If lie neglected to avail himself of this right, it was his own fault. It is not like the case of a legal debt, not yefc due, on which no suit at law could be instituted. Besides, it does not appear but that-the party might, by due diligence, have discontinued liis suit'at law, and renewed it on an affidavit, on which he could have held the party to bail. The judge of the common law court, though not on the spot, ivas within the district, and could have he on resorted to in a very short space of time.
Mr. Levy for defendant
in support of the motion to dissolve the no exeat.
My. Deas and Mr. Standing for complainant.
I do not, therefore, think that I can sanction this order for a no exeat.
Let the order be rescinded, and the recognizance or bond taken under it, be discharged.
From this decree there was an appeal; which was afterwards heard at Columbia. Present chancellors James, Thompson, Desaussure and Gaillard.
The appeal was argued and the decree affirmed.